**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

William K. Willis,
Claimant Below, Petitioner

v.)     No. 25-734     (JCN: 2024008884)
                        (ICA No. 25-ICA-46)

Fayette County Commission,
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner William K. Willis appeals the August 29, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Willis v. Fayette Cnty. Comm'n*, No. 25-ICA-46, 2025 WL 2491264 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). Respondent Fayette County Commission filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 8, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's December 7, 2023, order rejecting the claim based on the finding that the claimant did not sustain an injury in the course of and resulting from employment. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant, a deputy sheriff, asserts that he suffered a heart attack during the apprehension of a criminal. During the apprehension, the claimant experienced heightened stress due to the need to protect the public. Thus, the claimant argues that the heart attack was in the course of his employment and resulted from the performance of his job duties. While the claimant has a history of chest pain caused by Barrett's Esophagus (severe acid reflux), he thoroughly differentiated the nature and extent of the chest pain due to Barrett's Esophagus from the chest pain he developed in the course of performing his work duties. Therefore, the claimant argues that his heart attack should be held compensable. The employer counters by arguing that the Board of Review was not clearly wrong in finding that the claimant failed to present evidence showing that the heart attack he suffered was due to his work activities. Instead, the claimant speculates that the heart attack resulted from his employment. Speculation is not evidence of a causal connection between the heart attack and the claimant's job. On the other hand, there is evidence that the

---

[1] The claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene, and the employer appears by counsel Steven K. Wellman and James W. Heslep.

claimant already had heart disease.[2] Therefore, the employer argues that the ICA properly affirmed the Board of Review's affirmation of the rejection of the claim as non-compensable.

The Board of Review found that there was no medical evidence establishing that the heart attack the claimant suffered was due to his work activities. Without such medical evidence, the Board of Review concluded that the claimant relied upon speculation, which was insufficient to show a work-related injury. *See* Syl Pt. 4, *Clark v. State Workmen's Compensation Comm'r*, 155 W. Va. 726, 187 S.E.2d 213 (1972) ("Where proof offered by a claimant to establish his claim is based wholly on speculation, such proof is unsatisfactory and is inadequate to sustain the claim."). The ICA affirmed the Board of Review's decision, observing that this Court has previously held that a heart attack suffered at work is not compensable without a causal connection between the claimant's job duties and the heart attack. *Willis*, 2025 WL 2491264 at \*3 (citing *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 812, 172 S.E.2d 698, 707 (1970)).

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 21, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Gerald M. Titus III

**DISQUALIFIED:**

Justice Thomas H. Ewing

---

[2] The claimant's medical records from May 2017 to August 2023 showed that he was using ACE inhibitors and beta blockers to treat hyperlipidemia prior to the heart attack occurring on October 29, 2023.